UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X
LAZARUS BENNETT,

                                                     **SECOND AMENDED**
                                                     **COMPLAINT**
                     Plaintiff,

                                                     **15 Civ. 5116 (JGK)**

      -against-

                                                     **ECF CASE**

P.O. HENRY VIDAL, TAX ID No. 931378, Individually     **JURY TRIAL DEMANDED**
and in his Official Capacity, SERGEANT JOSEPH HARNETT,
TAX ID No. 938641,Individuallyand in his Official Capacity,

                    Defendants.
----------------------------------------------------------------------------------X

      Plaintiff, LAZARUS BENNETT, by his attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7.     The City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     The City of New York maintains the New York City PoliceDepartment, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9.     At all times hereinafter mentioned, the individually named defendants, P.O. HENRY VIDAL, and SERGEANT JOSEPH HARNETT, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by the City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by the City of New York.

## FACTS

13.     On or about September 23, 2014, at approximately 1:30 P.M., plaintiff LAZARUS BENNETT was lawfully present at the corner of East 113th Street and Third Avenue, in the County, City and State of New York.

14.     At the afore-mentioned time and place, plaintiff LAZARUS BENNETT walked past a crime scene, and saw a gentleman in handcuffs being escorted by members of the New York City Police Department.

15.     Plaintiff LAZARUS BENNETT noticed that his aunt, Maria Serrano, was also standing by the incident.

16.     Plaintiff LAZARUS BENNETT then went over to his aunt to ask her what was going on, who was getting arrested, and why the arrest was taking place.

17.     As plaintiff LAZARUS BENNETT was speaking to his aunt, defendant P.O. HENRY VIDAL approached plaintiff, and told him to turn around and place his hand behind his back.

18.     Plaintiff immediately complied with defendant P.O. HENRY VIDAL request.

19.     Immediately, Maria Serrano informed defendant P.O. HENRY VIDAL and SGT. JOSEPH HARNETT that plaintiff LAZARUS BENNETT had just arrived on the scene seconds ago, and had nothing to do with the incident.

20. Nevertheless, plaintiff was then arrested, and charged with, *inter alia*, Criminal Possession of a Weapon, Reckless Endangerment, Assault, and Disorderly Conduct.

21. Thereafter, plaintiff LAZARUS BENNETT was transported to the 23rd Precinct.

22. Plaintiff spent approximately nine (9) hours at the 23rd Precinct, during which time he was repeatedly questioned about what him and the "other kid" were doing.

23. The "other kid" to which defendant police officers were referring was the gentleman who was initially arrested; a person wholly unknown to plaintiff LAZARUS BENNETT.

24. Plaintiff LAZARUS BENNETT does not even know this individual's name, and had never seen him prior to the arrest, nor any time since.

25. Plaintiff was then transported to central booking, where he remained until his arraignment.

26. In connection with this arrest, defendants filled out false and misleading police reports, and forwarded these reports to prosecutors in the New York County District Attorney's Office.

27. Specifically, defendants P.O. VIDAL and SGT. HARNETT maliciously and deliberately lied about plaintiff acting in concert with "the other kid."

28. Further, defendants P.O. VIDAL and SGT. HARNETT maliciously and deliberately failed to disclose the fact that there was immediate reasons to doubt that plaintiff had anything to do with the incident that led to "the other kid" being arrested.

29. At his arraignment, plaintiff was bail was set at an amount beyond his means due to the unlawful conduct of defendant police officers.

30.     Plaintiff was remanded to custody and spent the next two days incarcerated.

31.     On September 26, 2014, all charges against plaintiff were dismissed, and he was released from police custody.

32.     As a result of the foregoing, plaintiff LAZARUS BENNETTsustained, *inter alia*,loss of liberty for approximately three (3) days, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTSUNDER 42 U.S.C. § 1983

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

35.     All of the aforementioned acts deprived plaintiff LAZARUS BENNETT of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

37.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

38.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     As a result of defendants' aforementioned conduct, plaintiff LAZARUS BENNETT was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

41.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants misrepresented and falsified evidence before the District Attorney.

44.     Defendants did not make a complete and full statement of facts to the District Attorney.

45.     Defendants withheld exculpatory evidence from the District Attorney.

46.     Defendants were directly and actively involved in the initiation of criminal proceedings against LAZARUS BENNETT.

47. Defendants lacked probable cause to initiate criminal proceedings against plaintiff LAZARUS BENNETT.

48. Defendants acted with malice in initiating criminal proceedings against plaintiff LAZARUS BENNETT.

49. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff LAZARUS BENNETT.

50. Defendants lacked probable cause to continue criminal proceedings against plaintiff LAZARUS BENNETT.

51. Defendants acted with malice in continuing criminal proceedings LAZARUS BENNETT.

52. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

53. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff LAZARUS BENNETT's favor when all charges against him were dismissed.

54. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FORTH CLAIM FOR RELIEF
### FAILURE TO INTERVENEUNDER 42 U.S.C. §1983

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "54" as if the same were more fully set forth at length herein.

56. Defendant SGT. HARNETT had an affirmative duty to intervene to protect the constitutional rights of plaintiff LAZARUS BENNETT from being violated by other police officers in their presence.

57. Defendant P.O. VIDAL violated plaintiff LAZARUS BENNETT's constitutional rights in the presence of his police colleagues.

58. Defendant SGT. HARNETT had reason to know plaintiff's constitutional rights were being violated.

59. Defendant SGT. HARNETT had a realistic opportunity to intervene to prevent the harm from occurring to plaintiffLAZARUS BENNETT but failed to do so.

60. Notwithstanding this opportunity, Defendant Police Officers failed to intervene to prevent the violations of plaintiff LAZARUS BENNETT's constitutional rights.

61. As a result of the foregoing, plaintiff LAZARUS BENNETT sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "61" as if the same were more fully set forth at length herein.

63. Defendants created false evidence against plaintiff LAZARUS BENNETT.

64. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's Office.

65. In creating false evidence against plaintiff LAZARUS BENNETT, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony,

defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

66. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### SIXTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. The aforementioned individual defendants issued legal process to place plaintiff LAZARUS BENNETT under arrest.

69. The aforementioned individual defendants arrest plaintiff LAZARUS BENNETT in order to obtain a collateral objective outside the legitimate ends of the legal process.

70. The aforementioned individual defendants acted with intent to do harm to plaintiff LAZARUS BENNETT, without excuse or justification.

71. As a result of the foregoing, plaintiff LAZARUS BENNETT sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

**WHEREFORE**, plaintiff LAZARUS BENNETT demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       May 5, 2016

                                          BY: _____
                                                 JON L. NORINSBERG
                                                 Jon@norinsberglaw.com
                                                 Attorney for Plaintiff
                                                 225 Broadway, Suite 2700
                                                 New York, N.Y. 10007
                                                 (212) 791-5396